UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLYNN A. HOLDER,

       Petitioner,

                                          Case Number: 2:10-CV-13841

v.                                            Honorable Patrick J. Duggan

WARDEN M. CURLEY,

       Respondent.

_____/

## ORDER OF TRANSFER

On September 27, 2010, Petitioner filed a habeas corpus petition in this court pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction rendered in a Pennsylvania state court. He is incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan under the Interstate Corrections Compact.[1]

### Applicable Law

28 U.S.C. § 2241 governs where a habeas petition may be filed and provides in part that a writ may be granted by "the district courts and any circuit judge *within their respective jurisdictions*." 28 U.S.C. § 2241(a) (emphasis added). The Supreme Court has interpreted this provision as requiring jurisdiction over the petitioner's custodian, regardless of whether the petitioner also is within the court's jurisdiction. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495, 93 S. Ct. 1123, 1130 (1973). This

---

[1]Michigan is a member of the Interstate Corrections Compact, pursuant to Michigan Compiled Laws § 791.211a, which provides for agreements between Michigan and other states to exchange and house prisoners on a reciprocal basis as needed.

is because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Id*. at 494-95, 93 S. Ct. at 1129. Section 2241 further provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d)

The proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.") Generally this means the prisoner's immediate physical custodian– i.e., the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 431, 434-35, 124 S. Ct. 2711, 2717 (2004) (citing *Wales v. Whitney*, 114 U.S. 564, 574, 5 S. Ct. 1050 (1885)). However, the Supreme Court has recognized an exception to the "immediate custodian" rule where the warden is not "the person who holds [the petitioner] in what is alleged to be unlawful custody." *Braden*, 410 U.S. at 494-95, 93 S. Ct. at 1129. In such a case, the proper respondent is "the entity or person who exercises legal control with respect to the challenged 'custody'." *Padilla*, 542 U.S. at 438, 124 S. Ct. at 2720 (citing

*Braden*, 410 U.S. 484, 93 S. Ct. 1123).

In *Braden*, the petitioner was detained in an Alabama prison on an Alabama conviction but was challenging his right to a speedy trial on a Kentucky charge. *Id*. at 486-87, 93 S. Ct. at 1125. The Court held that the Kentucky court, not the prisoner's immediate physical custodian (the Alabama warden), was the proper respondent. The Court reasoned that the petitioner's dispute was with the Commonwealth of Kentucky, not the State of Alabama. *Id*. at 499, 93 S. Ct. at 1132. In reaching its decision, the Court noted that the district of confinement "will not in the ordinary case prove as convenient [a forum] as the district court in the State [of conviction]." *Id*. at 499 n. 15, 93 S. Ct. at 1131 n.15. The Court reasoned:

> In terms of traditional venue considerations, the District Court for the Western District of Kentucky is almost surely the most desirable forum for the adjudication of the claim. It is in Kentucky, where all of the material events took place, that the records and witnesses pertinent to petitioner's claim are likely to be found. . . . The expense and risk of transporting the petitioner to the Western District of Kentucky, should his presence at a hearing prove necessary, would in all likelihood be outweighed by the difficulties of transporting records and witnesses from Kentucky to the district where petitioner is confined.

*Id*. at 493-94, 93 S. Ct. at 1129 (footnote omitted). Relying on *Braden*, lower courts have held that where a petitioner is housed in a state other than the state where he was convicted and sentenced, the "true custodian" is the official in the state whose indictment or conviction is being challenged. *See, e.g.*, *Smart v. Goorde*, 21 F. Supp. 2d 309, 314 (S.D.N.Y. 1998) (citing cases) ("Although the New York correctional authorities have day-to-day control over [the petitioner], New Hampshire is considered her 'true

3

custodian' because New York acts solely as New Hampshire's agent in incarcerating her . . . and because it is the New Hampshire conviction that is being challenged.")

Courts, however, have questioned the continuing applicability of *Braden* following the Supreme Court's decision in *Padilla*. In *Padilla*, the Supreme Court addressed the question of who was the proper respondent in a § 2241 petition filed by a United States citizen designated as a federal "enemy combatant." 542 U.S. at 430, 124 S. Ct. at 2715. Padilla was detained in Chicago on a material witness warrant issued by the United States District Court for the Southern District of New York; he was designated as an enemy combatant and then transported to and detained in a navy brig in South Carolina. *Id*. at 430-32, 124 S. Ct. at 2715-16. While confined in South Carolina, he filed a § 2241 petition in the United States District Court for the Southern District of New York. *Id*. at 432; 124 S. Ct. at 2716. The Government moved to dismiss, arguing that the Commander of the navy brig, as Padilla's immediate custodian, was the only proper respondent to his habeas petition and therefore the district court in New York lacked jurisdiction. *Id*.

The Supreme Court determined that the navy commander, as Padilla's immediate custodian, was the proper respondent. *Id.* at 442, 124 S. Ct. at 2721. In so holding, the Court stated: ". . . longstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges'– the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435, 124 S. Ct. at 2718. The Court found that "nothing in *Braden* supports departing from the immediate custodian rule in the

4

traditional context of challenges to present physical confinement." *Id*. at 438, 124 S. Ct. at 2720.

Following *Padilla*, "courts have struggled somewhat with the sweeping language the [Supreme] Court used to resolve the rather narrow issue presented in that case." *Watson v. Figueroa*, No. CIV-08-341-D, 2008 WL 2329106, at *4 (W.D. Okla. June 3, 2008). Specifically, courts have questioned whether, in a habeas petition where the petitioner challenges a state conviction and/or sentence, is the only proper respondent the "immediate custodian" even where the petitioner is detained in a state other than that in which he or she was convicted and sentenced. Further, as jurisdiction lies only in the district with jurisdiction over the respondent, can such a petition in that scenario be transferred to a federal district court in the state where the petitioner was convicted and sentenced.

Despite the broad language in *Padilla*, district courts have continued to hold that a case is properly transferred to the jurisdiction of conviction when the petitioner is housed in another state only for the convenience of and pursuant to a contractual relationship with the state wherein the conviction was rendered. *See, e.g., Gustafson v. Williams*, No. 2:09-cv-01225, 2010 WL 1904518, at *3 (D. Nev. May 10, 2010) (transferring § 2254 petition filed in the District Court of Nevada to the District of Minnesota because inmate, who was incarcerated in Nevada, challenged a Minnesota State court conviction); *Downer v. Cramer*, No. 2:09-cv-106-P-A, 2009 WL 2922996, at *2 (N.D. Miss. Sept. 2, 2009); *Watson*, 2008 WL 2329106, at *7; *Warren v. Williamson*, No. 3:07-CV-01717, 2007 WL

5

4898264, at *2 (M.D. Penn. Nov. 29, 2007); *Bender v. Ohio*, No. 07-41-HRW, 2007 WL 2363151, at *2 (E.D. Ky. Aug.16, 2007) ("Here, venue is appropriate either in Ohio, where Petitioner was sentenced and convicted, or in Kentucky, where Petitioner is currently detained. However, the convenience of the parties and the witnesses, and the interest of justice, would best be served by transferring this case to the United States District Court for the Northern District of Ohio"); *Carballo v. LaManna*, No. 8:05-3276-GRA-BHH, 2006 WL 3230761, at *2 (D.S.C. Nov. 6, 2006); *but see Hickam v. Janecka*, No. CIV 06-1132, 2007 WL 2219417, (D.N.M. May 7, 2007) (denying motion to transfer § 2254 petition to Colorado district court on the ground that *Padilla* limited habeas jurisdiction to the district of confinement, in case where the petitioner was incarcerated in New Mexico, but serving a life sentence for a crime committed in Colorado, and was challenging a Colorado Parole Board's decision allegedly lengthening his sentence). The courts declining to apply *Padilla*'s "immediate custodian" rule have reasoned that an entity or person in the state of conviction is the petitioner's "true custodian" for purposes of the federal habeas corpus statutes and the interests of justice favor adjudicating the petition in the state of conviction.

For example, in *Downer* the district court addressed whether to transfer a § 2254 petition filed in the Northern District of Mississippi by a prisoner housed in that district but challenging a conviction rendered in a California state court that lies within the Eastern District of California. The district court transferred the petition to the Eastern District of California because the true custodian "is the official in the state whose

conviction is being challenged." 2009 WL 2922996, at * 1. The district court reasoned that, because the law and procedures at issue were those of California, the petitioner was more appropriately considered an inmate of the State of California. *Id*. at *2. The court further reasoned:

> All the records, evidence and witnesses are also in California. The only connection between this matter and the State of Mississippi is that the Petitioner is fortuitously housed here by contractual agreement. The expense and risk of transporting the Petitioner to the forum state, should his presence be required, would in all likelihood be outweighed by the difficulties of transporting records and witnesses from California to this State. Whether or not an evidentiary hearing is required, it will be far more convenient for the State of California to respond to this action in California. Federal judges in California are, of course, much more familiar with California laws that are inevitably interwoven in the petition. Finally, should this court ignore all of the foregoing factors and entertain this matter, it would place this court in a bizarre position of potentially setting aside a California State court conviction. A proposition that seems unattainable or at least completely undesirable.

*Id*. at *2.

### Analysis

Petitioner is confined in Muskegon County, Michigan, which lies in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). The conviction challenged in the pending petition was rendered in York County, Pennsylvania, which lies in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b). Thus, the matter is not properly filed in the Eastern District of Michigan and must be transferred either to the Western District of Michigan or the Middle District of Pennsylvania. Consideration of 28 U.S.C. § 1404(a)'s criteria for determining whether a change of venue is warranted leads this

Court to conclude that the matter should be transferred to the latter court.

Petitioner's "true custodian" is the Pennsylvania Department of Corrections. The only connection between Petitioner's Pennsylvania state-court conviction and Michigan is that Petitioner is housed in Michigan pursuant to a contractual agreement. The law and procedures raised by his petition are those of Pennsylvania. Common sense dictates that this matter would best be litigated in the Middle District of Pennsylvania, the district of conviction.

Accordingly, pursuant to §§ 1404(a) and 2241 and the interests of justice, the Court transfers Petitioner's habeas corpus petition to the Middle District of Pennsylvania.

**SO ORDERED**.

DATE:October 28, 2010

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copy to:
Glynn A. Holder, #354353
(Penn. Inmate # EA7173)
Muskegon Correctional Facility
2400 S. Sheridan
Muskegon, MI 49442